

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charlie Chapman
Executive Director
Structural Pest Control Board
  of Texas
5555 North Lamar, Building H
Suite 123
Austin, Texas   78751

Opinion No. MW-525

Re:   Whether   real   estate
inspector   may   make   termite
inspection   without   licensing
by   Texas   Structural   Pest
Control Board

Dear Mr. Chapman:

You have asked whether individuals who have not complied with the provisions of the Texas Structural Pest Control Act, article 135b-6, may make inspections of real property for termite infestation.

Article 135b-6, section 2(a), subsections (1) and (2) provide:

Sec. 2. (a)  For purposes of this Act a person shall be deemed to be engaged in the business of structural pest control if he engages in, offers to engage in, advertises for, solicits, or performs any of the following services for compensation:

(1) identifying infestations or making inspections for the purpose of identifying or attempting to identify infestations of:

(A) arthropods (insects, spiders, mites, ticks, and related pests), wood-infesting organisms, rodents, weeds, nuisance birds, and any other obnoxious or undesirable animals which may infest households, railroad cars, ships, docks, trucks, airplanes, or other structures, or the contents thereof, or

(B) pests or diseases of trees, shrubs, or other plantings in a park or adjacent to a residence, business establishment, industrial plant, institutional building, or street;

(2) making inspection reports, recommendations, estimates, or bids, whether oral or written, with respect to such infestations....

Section 5(a) of the act provides:

No person, except an individual under the direct supervision of a certified applicator, may engage in the business of structural pest control after the effective date of this Act unless he meets the standards set by the board and possesses a valid Structural Pest Control Business License issued by the board.

The clear meaning of these statutes is that no person may make structural pest inspections and reports unless the inspector has been licensed by the Structural Pest Control Board.

Your question arises as the result of the passage of article 6573a, section 18C, effective August 31, 1981. Section 18C provides for the registration (not licensing) of the following:

Any person or persons who hold themselves out to the public as being trained and qualified to inspect improvements to real property, including structural items and/or equipment and systems, and who accept employment for the purpose of performing such an inspection for a buyer or seller of real property pursuant to the provisions of any earnest money contract form adopted by the commission shall:

(1) register his or her current name, type of legal entity, mailing address, place of business or businesses, and business telephone number or numbers with the commission....

Section 18C(e) states:

It is the intent of the legislature that the provisions of this section shall not apply to any electrician, plumber, carpenter, any person engaging in the business of structural pest control in compliance with the Texas Structural Pest Control Act, as amended (Article 135b-6, Vernon's Texas Civil Statutes), or any other person who repairs, maintains, or inspects improvements to real property and who does not hold himself or herself out to the public via

> personal solicitation or public advertising as
> being in the business of inspecting such
> improvements pursuant to the provisions of any
> earnest money contract form adopted by the
> commission.

The meaning of section 18C(e) is clear and is reinforced by legislative history. Persons engaged in the various building trades, those licensed by the Structural Pest Control Board, and persons who repair, maintain or inspect improvements or persons who do not solicit inspection business are exempted from the requirements of this statute. All others who hold themselves out as trained or expert to inspect, and who inspect improvements to real property for a buyer or seller pursuant to an earnest money contract must register. Section 18C does not create a new agency or provide standards. It merely requires registration of persons who advertise themselves as inspectors and who do inspect improvements to real property in connection with the sale of that real property.

Your question is, essentially, whether section 18C of article 6573a creates an exemption from the Structural Pest Control Act, that is, whether section 18C permits persons not licensed by the Structural Pest Control Board to inspect structures for pest infestation. In our opinion, article 6573a, section 18C does not create an exemption from the Structural Pest Control Act. The statutes have entirely different functions. The Structural Pest Control Act is designed to establish standards for persons licensed under the statute. As a result of licensing, the board has access to the names and addresses of the licensees, article 135b-6, section 4(b). Consequently, it is reasonable that persons licensed are exempt from registration under article 6573a, section 18C, as duplicative. However, article 6573a, section 18C is not duplicative of the Strucural Pest Control Act. The statute only requires that certain persons register and post a bond. Persons who register do not fulfill the requirements of the Structural Pest Control Act; the act of registration serves only to identify persons who inspect real property and are not licensed under other statutes. Article 6573a, section 18C, therefore, is designed to begin at the point that licensing statutes end. See transcript of Senate Committee on Economic Development, Senate Bill No. 478, March 2, 1981.

The public policies and legislative purposes of the statutes are also different, and should be examined to determine whether a conflict exists. See Brown v. Patterson, 609 S.W.2d 287, 290 (Tex. Civ. App. - Dallas 1980, no writ). The policy for the Structural Pest Control Act is obvious; it is to protect the public by regulating and requiring certain standards of those engaged in the business of structural pest treatment and inspection. The purpose of article 6573a, section 18C is also clear: registration is an aid to buyers who have been injured by false or inaccurate reports, so that buyers may locate the real

estate inspector for restitution.  Examined in this light, it is unlikely that the legislature intended to create an exception to article 135b-6, and thereby encourage unlicensed persons to register and avoid the provisions of article 135b-6.

It is our opinion that the two statutes can be read in harmony. Article 135b-6 is unaffected by article 6573a, section 18C, which applies to inspections for which a structural pest control business license is not required.

## S U M M A R Y

Pursuant to article 135b-6, only persons who possess a valid Structural Pest Control Business License may inspect and make reports with respect to structural pest infestations.  Section 18C of article 6573a does not create an exemption to that requirement.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Eva Loutzenhiser
Jim Moellinger